PER CURIAM:
On October 11, 1983, at approximately 9:30 p.m., claimant was travelling on 1-64 eastbound in Kanawha County, West Virginia, when he was involved in an automobile accident. At the time of the accident, it was raining heavily. As claimant drove his 1983 Toyota Cressida through a curve, he came upon respondent’s employees who were in the process of setting up a construction project in the lane in which claimant was travelling. Claimant braked the vehicle, but struck the vehicle in front of him which was slowing down. Both vehicles were damaged. Claimant stated that at the time of the accident only two orange cones were in place in front of a lighted arrow sign, and that he felt this inadequate. He added, however, that he probably could have seen the arrow sign except for the fact that a large truck camper was in front of him in the other lane and this prevented him from seeing the sign until he was upon it.
This Court has held on a number of occasions that the State is neither an insurer nor a guarantor of the safety of motorists on its highways. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). Although the claimant stated that respondent was negligent in apparently putting the arrow sign in place prior to putting up the cones, the Court finds that the accident resulted from a combination of cir *296 cumstances. The poor weather conditions were a factor. The Court does not determine whether there was negligence on respondent’s part, however, as the Court finds that the fact that claimant’s vision was obscured was the proximate cause of the accident. The claimant stated that he probably would have seen the sign except for the camper. The Court is of the opinion to, and does, deny the claim.
Claim disallowed.